UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80459-CIV-MARRA

MARIA TERESA OSORIO and
JUAN OSORIO,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA and
CITY OF BOCA RATON, a Florida
municipal corporation,

    Defendants.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court on Defendant United States' Motion to Dismiss Count III of Plaintiffs' Complaint (DE 5). Plaintiff has not responded and the deadline for a response has passed. The Court has carefully reviewed the merits of said motion and is fully advised in the premises.

One of the conditions to the limited waiver of sovereign immunity expressed in the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671 et seq. ("FTCA"), involves the requirement that a plaintiff exhaust available administrative remedies. A federal district court has no subject matter jurisdiction over a tort suit against the United States unless the plaintiff has first fully exhausted applicable administrative remedies, pursuant to 28 U.S.C. § 2675, in relation to the claim. McNeil v. United States, 508 U.S. 106, 107 (1993); Lykins v. Pointer, Inc., 725 F.2d 645, 646 (11th Cir. 1984); Mays v. United States Postal Service, 928 F. Supp. 1552, 1561-62 (M.D.

Ala. 1996), aff'd,122 F.3d 43 (11th Cir. 1997).  Thus, a plaintiff is barred from filing a lawsuit under the FTCA until the plaintiff has properly filed an administrative claim with the appropriate federal agency and the plaintiff has either been notified of the agency's final decision concerning the claim or waited the full six month period for the agency to issue its final decision on the claim, pursuant to 28 U.S.C. § 2675(a).  Mays, 928 F.Supp. at 1562. In the instant case, Plaintiff Juan Osorio has not alleged that he exhausted his administrative remedies in connection with the instant case.  Accordingly, it is hereby

**ORDERED AND ADJUDGED**, that  Defendant United States' Motion to Dismiss Count III of Plaintiffs' Complaint (DE 5) is **GRANTED**. The claim of Juan Osorio, **Count III of the complaint, is hereby DISMISSED without prejudice, to the extent that it pertains to Defendant United States.**[1]   Juan Osorio is granted leave to file an amended complaint alleging exhaustion of his administrative remedies if he can do so in good faith.  See Fed. R. Civ. P. 11.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of November, 2008.

_____
KENNETH A. MARRA
United States District Judge

---

[1] The Court is basing its decision solely upon Plaintiff's failure to allege exhaustion of his administrative remedies, and not upon the declaration filed by the United States in support of its motion.

2