UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80459-CIV-MARRA

MARIA TERESA OSORIO,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA and
CITY OF BOCA RATON, a Florida
municipal corporation, and
JOHN and DOROTHY SEDLAK,

    Defendants.
_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court on Defendant City of Boca Raton's Motion to Dismiss Amended Complaint (DE 61), filed May 26, 2009.  The Court has carefully reviewed the motion, the response, and the reply, and is otherwise fully advised in the premises.

**Background**

On April 29, 2008, Plaintiff filed her Complaint against Defendants (DE 1), which was replaced on May 6, 2009 by an Amended Complaint (DE 57).  The Amended Complaint alleges negligence claims against each of the Defendants, the United States of America, the City of Boca Raton, and John and Dorothy Sedlak.  Plaintiff seeks compensatory damages, interest, and costs.  The facts, as alleged in the Amended Complaint, are as follows:

At all times material hereto, Defendant Post Office, a federal agency of the government of the United States of America, which was operating a branch office in Palm Beach County, State

1

of Florida, was the lessee and was in fact in possession, control, and operation of the parking lot of said branch office located at 170 N.E. 2nd Street, Boca Raton, Palm Beach County, State of Florida. Comp. ¶ 5. At all times material hereto, the Defendant, City of Boca Raton ("the City"), a Florida municipal corporation, located in Palm Beach County, State of Florida, constructed, owned, maintained, paved, and/or repaired the right of way driveway located contiguous to the parking lot located at 170 N.E. 2nd Street, adjacent to the United States Post Office located at said address. Comp. ¶ 6. At all times material hereto, Defendants John and Dorothy Sedlak ("the Sedlaks") were the owners and lessors of the parking lot located at 170 N.E. 2nd Street, adjacent to the United States Post Office located at said address. Comp. ¶ 8.

On December 5, 2006, Plaintiff was walking in the parking lot located at 170 N.E. 2nd Street, leased, controlled, maintained and used by Defendant Post Office and owned by the Sedlaks. Comp. ¶ 8. On December 5, 2006, Plaintiff was walking normally in said parking lot when she tripped and fell in a rain-filled sink hole that was covered by water, causing her severe and debilitating injuries. Comp. ¶ 9. Said area where Plaintiff fell was primarily in the parking lot located at 170 N.E. 2nd Street. However, said sink hole abutted the right of way alley that was paved by the City of Boca Raton. Comp. ¶ 10.

In its negligence claim against the City (count II), Plaintiff alleges as follows:

At all times material hereto, the City was and is the entity responsible for the maintaining of the right-of-way alley which runs contiguous to the parking lot located at 170 N.E. 2nd Street, adjacent to the United States Post Office located at said address, in a safe and reasonable condition such that pedestrians can safely walk upon it. Comp. ¶ 23. The City knew or should have known of the existence of the unreasonably dangerous and unsuitable conditions on the

2

aforementioned right-of-way alley which runs contiguous to the parking lot, including, but not limited to the existence of a large sink hole and the fact that said sink hole is not visible to the ordinary person after rainfall.  Comp. ¶ 24.  Notwithstanding its actual or constructive knowledge, the City failed (a) to adequately maintain the right-of-way alley which runs contiguous to the subject parking lot; and (b) to take reasonable measures to properly warn invitees, and in particular, the Plaintiff, of said dangerous conditions.  Comp. ¶ 24.

In its motion to dismiss, the City argues that Plaintiff has failed to state a claim for negligence against it because Plaintiff has not alleged that the City owns, operates, or has a duty to maintain the site of the injury, and no duty to maintain adjacent property exists as a matter of law.  Plaintiff responds that a portion of the sink hole was existing on the public right of way controlled/owned/or operated by the City.  The City replies that the complaint expressly alleges that the slip and fall occurred in the parking lot, not the alley, and the City cannot be liable for an injury which did not occur on its property.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005).

This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Sams v. United Food and Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id.

**Discussion**

First, the City argues that the negligence claim against it must be dismissed because the First Amended Complaint alleges that the City is responsible for the "alley which runs contiguous to the parking lot" and that there is no duty to maintain adjacent property. See Comp. ¶ 22. Plaintiff responds that the complaint sufficiently alleges that the sink hole existed both on the parking lot and the alley. Second, the City argues that the negligence claim against it must be

4

dismissed because no causation exists: the complaint alleges that Plaintiff tripped and fell in the parking lot and the complaint alleges that the City is responsible for maintaining the alley, not the adjacent parking lot. See Comp. ¶ 22-23. The complaint alleges, in pertinent part:

> On December 5, 2007, Plaintiff was walking normally in said parking lot when she tripped and fell in a rain-filled sink hole that was covered by water, causing her severe and debilitating injuries. Said area where Plaintiff fell was primarily in the parking lot located at 170 N.E. 2nd Street. . . However, said sink hole abutted the right of way alley that was paved by the Defendant City of Boca Raton.

Comp. ¶ 9-10.

Even if the complaint is read as alleging that the sink hole spanned both the parking lot and the alley, the complaint clearly alleges that Plaintiff was walking in the parking lot when she tripped and fell. See infra. According to the complaint, the City was responsible for the maintenance, construction, and repair of the alley, not the parking lot. See Comp. ¶ 22-27. Because the injury is alleged to have occurred in the property adjacent to the alley, not in the alley itself, Plaintiff's negligence claim against the City fails. It is the location of the trip-and-fall that is important. See, e.g., Cantens v. Jeff-Son, Inc., 381 So.2d 307 (Fla. 3rd DCA 1980) (affirming summary judgment in favor of hotel owner where slip and fall occurred on sidewalk area in front of the hotel and not on the hotel's property). Notwithstanding the allegation that the defective condition, a sink hole, extended onto City's property, in order to sustain her negligence claim against the City, Plaintiff must allege either that she was injured on the City's property, not on the adjacent parking lot, or that a condition of the City's property in some way contributed to her fall. The allegations of the complaint do neither. Plaintiff may amend her complaint to attempt to assert a valid claim consistent with this order. Of course, Plaintiff may only assert

5

such a claim if she has a good faith basis to do so.  See Rule 11(b)(3), Fed. R. Civ. P.  Also, any amendment must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'".  She must allege more than conclusions . Twombly, 127 S.Ct. at 1955.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant City of Boca Raton's Motion to Dismiss Amended Complaint (DE 61) is **GRANTED IN PART AND DENIED IN PART** as follows: Count II of the Amended Complaint, Negligence Claim Against City of Boca Raton, is hereby **DISMISSED** without prejudice to amend, consistent with this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of August, 2009.

_____
KENNETH A. MARRA
United States District Judge

copies to:
all counsel of record