UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80459-CIV-MARRA

MARIA TERESA OSORIO,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA and
CITY OF BOCA RATON, a Florida
municipal corporation, and
JOHN and DOROTHY SEDLAK,

    Defendants.
_____/

**OPINION AND ORDER**

    THIS CAUSE is before the Court on Defendant City of Boca Raton's Motion to Dismiss Second Amended Complaint (DE 74), and Defendant United States of America's Motion to Dismiss Second Amended Complaint (DE 75).  The Court has carefully reviewed the motions, the responses, and the replies, and is otherwise fully advised in the premises.

Background

    In the above-styled action, Plaintiff alleges negligence claims against each of the Defendants, the United States of America, the City of Boca Raton, and John and Dorothy Sedlak. Plaintiff seeks compensatory damages, interest, and costs.

    On August 6, 2009, the Court entered an Opinion and Order (DE 68), granting in part and denying in part Defendant City of Boca Raton's Motion to Dismiss Amended Complaint.  The Court granted Plaintiff leave to amend her Complaint, consistent with that Order.  Plaintiff

1

subsequently filed a Second Amended Complaint (DE 70), which Defendants City of Boca Raton and the United States of America have moved to dismiss.  The pertinent facts, as alleged in the Second Amended Complaint, are as follows:

At all times material hereto, Defendant Post Office, a federal agency of the government of the United States of America, which was operating a branch office in Palm Beach County, State of Florida, was the lessee and was in fact in possession, control, and operation of the parking lot of said branch office located at 170 N.E. 2nd Street, Boca Raton, Palm Beach County, State of Florida.  Comp. ¶ 5.  At all times material hereto, the Defendant, City of Boca Raton ("the City"), a Florida municipal corporation, located in Palm Beach County, State of Florida, constructed, owned, maintained, paved, and/or repaired the right of way driveway located contiguous to the parking lot located at 170 N.E. 2nd Street, adjacent to the United States Post Office located at said address.  Comp. ¶ 6.  At all times material hereto, Defendants John and Dorothy Sedlak ("the Sedlaks") were the owners and lessors of the parking lot located at 170 N.E. 2nd Street, adjacent to the United States Post Office located at said address.  Comp. ¶ 7.

On December 5, 2006, Plaintiff was walking through a parking lot located at 170 N.E. 2nd Street, leased, controlled, maintained and used by Defendant Post Office and owned by the Sedlaks.  Comp. ¶ 8.  On December 5, 2006, Plaintiff was walking normally through said parking lot and as she was stepping from the parking lot towards a right of way alley owned and/or maintained and/or built by co-Defendant City of Boca Raton, she tripped and fell in a rain-filled sink hole that was covered by water, causing her severe and debilitating injuries.  Comp. ¶ 9.  Said area where Plaintiff fell spanned both the Post Office and/or Sedlak parking lot located at 170 N.E. 2nd Street and the right of way alley that way paved, maintained, controlled, created

and/or owned by the Defendant City of Boca Raton. Comp. ¶ 10.

In its negligence claim against the United States (Count I), Plaintiff alleges as follows:

At all times material hereto, the United States, as lessor and as having possession in fact of the subject property, was and is the entity responsible for the maintenance, construction or repair of the parking lot in a safe and reasonable condition such that pedestrians can safely walk upon it. Comp. ¶¶ 13-14.  The United States knew or should have known of the existence of the unreasonably dangerous and unsuitable conditions of the aforementioned parking lot, including, but not limited to the existence of a large sink hole and the fact that said sink hole is not visible to the ordinary person after rainfall. Comp. ¶ 15.  Notwithstanding its actual or constructive knowledge, the United States failed (a) to adequately maintain the subject parking lot; and (b) to take reasonable measures to properly warn invitees, and in particular, the Plaintiff, of said dangerous conditions. Id.  The United States breached its duty to maintain the subject parking lot in a safe and reasonable condition, so that pedestrians could safely walk upon it, in one or more of the following ways: (a) The United States knew or should have known about the dangerous and hazardous conditions (e.g., the existence of a large sink hole and the fact that said sink hole is not visible to the ordinary person after rainfall) and failed to correct the same; (b) Failing to maintain the subject parking lot in the condition in which it was constructed; (c) Failure to properly inspect the subject parking lot; (d) Negligent construction and/or design of subject parking lot intended for pedestrian traffic in a major metropolitan area; (e) Failure to comply with one or more County codes regarding proper condition of a parking lot intended for pedestrian traffic in a major metropolitan area; (f) Failure to warn pedestrians of one or more the multiple conditions listed in "a"through "e" herein above. Comp. ¶ 17.  The United States also

breached its duty to warn pedestrians of the unreasonably dangerous conditions of which it knew but which were not readily apparent to the Plaintiff or other invitees who use the subject parking lot. Comp. ¶ 18.

Alternatively, Plaintiff alleges that, if the sinkhole and/or the area of the sinkhole where Plaintiff was injured was not on the United States' property, the United States negligently caused and/or created said sinkhole and/or contributed to its creation in the following ways: (a) The United States knew or should have known that a large sink hole existing on its premises and parking lot had eroded co-Defendant City of Boca Raton's right-of-way, causing and/or creating the sinkhole, and failed to correct the same; (b) The United States knew or should have known that rain-gutters which channeled rainwater from its property's roof was eroding co-Defendant City of Boca Raton's right-of-way, causing and/or creating the sinkhole, and failed to correct the same. Comp. ¶¶ 19-20.

In its negligence claim against the City (Count II), Plaintiff alleges as follows:

At all times material hereto, the City was and is the entity responsible for the maintenance, construction or repair of the right-of-way alley which runs contiguous to the parking lot in a safe and reasonable condition such that pedestrians can safely walk upon it. Comp. ¶¶ 24-25.  The City knew or should have known of the existence of the unreasonably dangerous and unsuitable condition on the aforementioned right-of-way alley, including, but not limited to the existence of a large sink hole on said-right of way alley and the fact that said sink hole was not visible to the ordinary person after rainfall.  Comp. ¶ 26.  Notwithstanding its actual or constructive knowledge, the City failed (a) to adequately maintain the right-of-way alley; and (b) to take reasonable measures to properly warn invitees, and in particular, the Plaintiff, of said

dangerous conditions.  Id.  The City breached its duty to maintain the right-of-way alley in a safe and reasonable condition, so that pedestrians could safely walk upon it, in one or more of the following ways: (a) The City knew or should have know about the dangerous and hazardous conditions (e.g., the existence of a large sink hole and the fact that said sink hole was not visible to the ordinary person after rainfall) and failed to correct the same; (b) Failing to maintain the right-of-way alley in the condition in which it was constructed; (c) Failure to properly inspect the subject right-of-way alley; (d) Negligent construction and/or design of the right-of-way alley intended for pedestrian traffic in a major metropolitan area; (e) Failure to comply with one or more County codes regarding proper condition of the right-of-way alley intended for pedestrian traffic in a major metropolitan area; (f) Failure to warn pedestrians of one or more the multiple conditions listed in "a"through "e" herein above.  Comp. ¶ 28.  The City also breached its duty to warn pedestrians of the unreasonably dangerous conditions of which it knew but which were not readily apparent to the Plaintiff or other invitees who use the right-of-way alley.  Comp. ¶ 29.

Alternatively, Plaintiff alleges that, if the sinkhole and/or the area of the sinkhole where Plaintiff was injured was not on the City's property, the City negligently caused and/or created said sinkhole and/or contributed to its creation in the following ways: (a) The City knew or should have known that a large sinkhole existing on its right-of-way had eroded co-Defendants' parking lot, causing and/or creating the sinkhole, and failed to correct the same; (b) The City's negligent construction and/or design of the right-of-way alley caused and/or contributed to a defect in co-Defendants' parking lot, which led to the development and/or creation of the subject sinkhole on co-Defendants' property. Comp. ¶¶ 30-31.

5

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005).  This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001).  Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (internal citation and quotation omitted).  "A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Sams v. United Food and Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim.  Id.

**Discussion**

The Court's August 6, 2009 Opinion and Order (DE 68) held, in pertinent part:

> Notwithstanding the allegation that the defective condition, a sink hole, extended onto City's property, in order to sustain her negligence claim against the City, Plaintiff must allege either that she was injured on the City's property, not on the adjacent parking lot, or that a condition of the City's property in some way contributed to her fall.  The allegations of the complaint do neither. Plaintiff may amend her complaint to attempt to assert a valid claim consistent with this order.

See Order at 5.

First, the Court agrees with Defendants that the allegations of the Second Amended Complaint with regard to whose property she was on when she was injured is ambiguous. Plaintiff's allegation that she was "stepping from the parking lot towards a right of way alley" when she tripped and fell in an area that "spanned both the Post Office and/or Sedlak parking lot located at 170 N.E. 2nd Street and the right of way alley that way paved, maintained, controlled, created and/or owned by the Defendant City of Boca Raton" is not adequate to identify the exact location where the injury occurred.  See Comp. ¶¶ 9, 10.

Nonetheless, the Court finds that the allegations in the Second Amended Complaint are adequate to withstand Defendants' motions to dismiss.  While Plaintiff has not sufficiently alleged that she was injured on a particular Defendant's property, she has sufficiently complied with the Court's August 6, 2009 Order by adequately alleging in the alternative that "a condition of [each Defendant's] property in some way contributed to her fall." See Order at 5; see Comp.

¶¶ 19-20, 30-31.  As to the United States, Plaintiff alleges that the United States negligently caused and/or created said sinkhole and/or contributed to its creation because the United States "knew or should have known that a large sink hole existing on its premises and parking lot had eroded co-Defendant City of Boca Raton's right-of-way, causing and/or creating the sinkhole, and failed to correct the same" and/or that it "knew or should have known that rain-gutters which channeled rainwater from its property's roof was eroding co-Defendant City of Boca Raton's right-of-way, causing and/or creating the sinkhole, and failed to correct the same."  Comp. ¶¶ 19-20.  As to the City, Plaintiff alleges that the City negligently caused and/or created said sinkhole and/or contributed to its creation because the City "knew or should have known that a large sinkhole existing on its right-of-way had eroded co-Defendants' parking lot, causing and/or creating the sinkhole, and failed to correct the same" and/or that "the City's negligent construction and/or design of the right-of-way alley caused and/or contributed to a defect in co-Defendants' parking lot, which led to the development and/or creation of the subject sinkhole on co-Defendants' property."  Comp. ¶¶ 30-31.  Accordingly, Plaintiff has sufficiently alleged, as to each Defendant, that she either was injured on that Defendant's property and/or that a condition of that Defendant's property in some way contributed to her fall.  As the Court previously held, such allegations are sufficient to withstand a motion to dismiss.  See DE 68.

     Finally, as for the City's argument that it is protected by sovereign immunity for leaving a large pothole on its right-of-way as a "discretionary function," this argument has been specifically rejected by Florida courts.  See Krol v. City of Orlando, 778 So.2d 490 (Fla. 5th DCA 2001):

> There is, however, an exception to the general rule of immunity regarding

>decisions relating to the planning and designing of capital improvements that the trial court failed to apply.  This exception provides that once a governmental entity creates a known dangerous condition which may not be readily apparent to those who could be injured by it, then the government must take steps to correct the dangerous condition or warn those who may be injured by it. <u>Bailey Drainage Dist. v. Stark</u>, 526 So. 2d 678 (Fla. 1988); *Collom, Neilson*. The court in *Collom* explained, "[W]e find it unreasonable to presume that a governmental entity, as a matter of policy in making a judgmental, planning-level decision, should knowingly create a trap or a dangerous condition and intentionally fail to warn or protect the users of that improvement from the risk." 419 So.2d at 1086. Generally, the courts speak in terms of a known danger when they enunciate the exception. However, actual or constructive knowledge will suffice. <u>Allen v. Port Everglades Auth.</u>, 553 So.2d 1341 (Fla. 4th DCA 1989); <u>Feldstein v. City of Key West</u>, 512 So.2d 217, 219 n. 5 (Fla. 3d DCA 1987).

<u>Id.</u> at 492.  Accordingly, the Court disagrees with the City's contention that sovereign immunity bars Plaintiff's negligence suit against it.

**Conclusion**

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)  Defendant City of Boca Raton's Motion to Dismiss Second Amended Complaint (DE 74) is **DENIED**; and

(2)  Defendant United States of America's Motion to Dismiss Second Amended Complaint (DE 75) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of January, 2010.

_____
KENNETH A. MARRA
United States District Judge

copies to:
all counsel of record